**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FRANK BROXSON,

Plaintiff,

v. Case No. 8:26-cv-1704-JLB-AEP

DEPUTY MATEO, *et al.*,

Defendants.
______________________________/

# ORDER

This matter is before the Court on Plaintiff Frank Broxson's *pro se* 42 U.S.C. § 1983 amended complaint. (Doc. 5). At all times relevant to the allegations in his amended complaint, Mr. Broxson was a pretrial detainee at the Manatee County Jail. (*Id.* at 1). He generally alleges that Defendant Deputy Mateo violated his rights under the Fourteenth Amendment by using excessive force on him and sexually assaulting him. (*Id.* at 2–3). He also alleges that the Sheriff of Manatee County is liable because after Mr. Broxson filed grievances about Deputy Mateo's actions, Mr. Broxson "remained incarcerated and continued to encounter Deputy Mateo." (*Id.* at

3). The amended complaint is before the Court on initial screening.[1]

## DISCUSSION

After a review of the amended complaint, the Court concludes that it sufficiently alleges a Fourteenth Amendment violation against Deputy Mateo.[2] However, the claim against the Sheriff of Manatee County must be dismissed for failure to state a claim upon which relief may be granted.[3]

To the extent Mr. Broxson attempts to hold the Sheriff liable for Deputy Mateo's actions, "[a] governmental entity is not liable under § 1983, merely as a matter of *respondeat superior*, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). Rather, a governmental entity may be liable under

---

[1] Mr. Broxson has not paid the filing fee and intends to proceed *in forma pauperis*. (*See* Doc. 2). A person who seeks to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a person's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] The Court's screening includes review of the documents (prison grievances) Mr. Broxson attached to his initial complaint. (Doc. 1 at 5-22). *See, e.g., Hogan v. Lucas*, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) (stating that "[b]ecause the documents attached to Hogan's complaint are referenced in the complaint and 'central to the claims contained therein,' they were properly considered at the § 1915(e)(2) screening stage" (citations omitted)).

[3] An official capacity suit against a sheriff under section 1983 is effectively a suit against the governmental entity the sheriff represents. *Adcock v. Baca*, 157 F. App'x 118, 119 (11th Cir. 2005).

section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under section 1983 is limited to instances of official policy or custom).

To attribute liability to the Sheriff under section 1983, Mr. Broxson must demonstrate that the Sheriff had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the amended complaint alleges no facts sufficient to show the existence of a policy or custom that caused the alleged violation of Broxson's constitutional rights.

To the extent that Mr. Broxson alleges that he "remained incarcerated and continued to encounter Deputy Mateo" (Doc. 1 at 3, ¶ 40) after filing grievances regarding Deputy Mateo's actions, the Court construes the allegation as raising a failure-to-protect claim under the Fourteenth Amendment against the Sheriff. It is well established that "prison officials have a duty ... to protect prisoners from violence at the hands of other[s] . . . ."

*Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every instance of violence "translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

To plead a failure-to-protect claim, a plaintiff must allege that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," (2) the defendant was deliberately indifferent to the risk, and (3) "the constitutional violation caused [his] injuries." *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021). Mr. Broxson fails to state a failure-to-protect claim because he does not show how the Sheriff's actions or inactions caused his alleged injuries.

Accordingly, it is **ORDERED** that:

1. The failure-to-protect claim and official-capacity-claim against the Sheriff are **DISMISSED without prejudice and with leave to amend**.

2. The Fourteenth Amendment claims against Deputy Mateo may **PROCEED**.

3. No later than September 2, 2026, Mr. Broxson must either (1) file a second amended complaint that includes all claims that he wishes the Court to consider, or (2) file a notice informing the Court that he wishes to proceed only on the Fourteenth Amendment claims against Deputy Mateo. If he

chooses to amend, Mr. Broxson must prepare a new civil-rights complaint, titling it "Second Amended Complaint." The second amended complaint must include all of Mr. Broxson's claims and may not refer back to, or incorporate, the complaint or the amended complaint. The second amended complaint will be subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). No new claims may be added.

4. No later than September 2, 2026, Mr. Broxson must either pay the $402 filing fee or file an amended application to proceed *in forma pauperis* that explains why he cannot afford the fee. Mr. Broxson must use the form available at: https://www.uscourts.gov/sites/default/files/ao240_0.pdf. If Mr. Broxson fails to comply with this order or meet these deadlines, the Court will dismiss this case without prejudice.

**DONE and ORDERED in Tampa, Florida, on August 10, 2026**.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE